[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION IN LIMINE
This limited contested matter was scheduled for trial on September 26, 2001. Prior to the presentment of evidence, counsel for the plaintiff filed a Motion in Limine seeking to preclude evidence relating to financial matters at variance with the parties' prenuptial and/or post-marital agreements.
Neither party is contesting the validity of these agreements under the principles articulated in McHugh v. McHugh, 181 Conn. 482, 436 A.2d 8
(1980). The parties do dispute whether these agreements address all issues relative to the disbursements of marital assets. Specifically, there are two jointly held assets, the CNG stock account and the AG Edwards Money Market, which the defendant propounds fall outside the purview of the agreements. Accordingly, the defendant states that the court should allocate these assets utilizing statutory and equitable guidelines.
The plaintiff argues that paragraph #4 of the couple's prenuptial agreement provides for the equal distribution of the jointly held marital assets; therefore, the court has no jurisdiction to order distribution of the accounts at issue, otherwise. Paragraph #4 states:
 Transfers Between the Parties. Not withstanding the provision of this Agreement, each party shall have the right to transfer or convey to the other any property or interest therein which may be lawfully conveyed or CT Page 13496 transferred during his or her lifetime or by will or otherwise upon death, and neither party intends by this Agreement to limit or restrict in any way the right and power to receive any such transfer or conveyance from the other.
The court agrees that if the prenuptial and/or post-marital agreements provide for the allocation of jointly held assets, it would have no authority to deviate from those provisions. The prenuptial agreement by its terms, however, does not address the division of jointly held assets acquired after the marriage. Specifically, paragraph #4 of the prenuptial agreement allows the transfer of property between the parties.[1] When a valid prenuptial agreement does not cover all the issues in a case, "the court must look to Connecticut law." Tendler v. Haering, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. FA94 0137428 S (January 2, 1996, Mintz, J.). "Those issues not covered in the pre-nuptial agreement can be contained in a court order along with the incorporation of the terms of the valid prenuptial agreement."Baumgartner v. Baumgartner, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. FA96 0155390 S (November 10, 1998, Tierney, J.); see also McHugh v. McHugh, 181 Conn. 490, 436 A.2d 8
(1980).
For the reasons stated above, the court finds that the prenuptial and post-marital agreements are valid; that the division of jointly held assets acquired after the marriage does not come within the purview of these agreements, and that the disbursement of the assets at issue will be determined either through an agreement by the parties or judicial decision following trial.
So ordered.
CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT